THE PEOPLE OF THE STATE OF NEW YORK ex rel. RICHARD E. HATFIELD AND RICHARD E. HATFIELD, Appellants, v. THEODORE S. COMSTOCK, Respondent.

*Constitution, art. 10, sect. 5 — appointment to fill a vacancy in an elective office — when the term of the appointee expires.*

In the fall of 1876 one Brown was elected superintendent of the poor in Oneida county for the full term of three years. On October fourth, 1878, he was removed from that office by the governor, and on October twenty-second the defendant was appointed to fill the vacancy. At the general election in November, 1878, the relator was elected superintendent of the poor.

*Held*, that section 5 of article 10 of the constitution was applicable to this office, and that the term of office of the defendant expired on December 31, 1878.

Appeal from a judgment in favor of the defendant, entered on a decision rendered at the Oneida Circuit upon a trial by the court, without a jury.

*Risley & Stoddard*, for the appellants.

*Nicholas E. Kernan*, for the respondent.

SMITH, J.:

On the 4th of October, 1878, a vacancy was created in the office of superintendent of the poor in Oneida county by the removal, by the governor, of Thomas J. Brown, who was elected to the office in the fall of 1876 for a full term. On the 22d of October, 1878, the board of supervisors appointed the defendant to fill such vacancy. At the general election in November, 1878, the relator and another person were voted for by the electors of said county for that office. The relator received a large majority of the votes cast, and the board of canvassers gave him a certificate of election. He took the oath of office, filed a bond, and on the 1st day of January, 1879, demanded the office of the defendant, who refused to deliver the same, and still holds it.

The defendant claims that his appointment held good for the remainder of the unexpired term of his predecessor Brown, or until the 31st of December, 1879; while the relator insists that such appointment expired on the 31st of December, 1878.

Section 5 of article 10 of the constitution of this State is in these words : " The Legislature shall provide for filling vacancies in office, and in case of elective officers no person appointed to fill a vacancy shall hold his office, by virtue of such appointment, longer than the commencement of the political year next succeeding the first annual election after the happening of the vacancy."

The principal question in the case is, whether the office in question is one to which the provisions of that section respecting elective offices apply.

For the defendant it is argued that the section applies only to such elective offices as are mentioned in section one of the same article, to wit — sheriffs, clerks of counties, including the register and clerk of the city and county of New York, coroners and district attorneys, in respect to whom the latter section provides that they " shall be chosen, by the electors of the respective counties, once in every three years, and as often as vacancies shall happen."

We are not prepared to adopt that construction ; on the con-

trary, we think that section five applies not only to the elective offices named in section one, but also to all those made elective by the Legislature pursuant to section two of the same article of the constitution. That section was adopted in the constitution of 1846, and is now in force. Under its provisions the Legislature has made the office of county superintendent of the poor elective. (Laws of 1847, chap. 498; 1854, chap. 188.)

The defendant's counsel contends that by reason of the provision in the act of 1854, that such officer shall be elected "triennially," the election in 1878 occurring, as it did, two years after the last preceding election of a superintendent in Oneida county, was unauthorized. But that provision, we think, is limited and modified by section five of article ten of the constitution above cited, and is to be read in connection with it. Thus read, its meaning is that the election is to be held triennially, unless a vacancy occurs during the term, in which case the office is to be filled at the first annual election after the vacancy happens.

The want of notice did not invalidate the election. (*The People ex rel. Davies* v. *Cowles*, 13 N. Y., 350.)

The judgment appealed from should be reversed, and judgment ordered for the relator, with costs.

TALCOTT, P. J., and HARDIN, J., concurred.

So ordered.